### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**STATE EMPLOYEES' CREDIT UNION,**

          **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　**Civil Action No. 2:06cv663**

**NATIONAL AUTO LEASING, INC.**

**and**

**TIM McCABE,**
          **Defendants.**

## OPINION AND ORDER

Currently before the court is the plaintiff's motion for default judgment against defendant National Auto Leasing, Inc. ("National"). Plaintiff's counsel has submitted an affidavit in which he attests to the relevant facts regarding National's failure to respond in any way to the complaint. The clerk has already entered default against National, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. After examination of the brief and record, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. The court, for the reasons set out fully herein, **GRANTS** the plaintiff's motion for default judgment.

I. Factual and Procedural Background

The factual allegations in the complaint remain undisputed, and because of the entry of default, are taken as the facts for the record. The plaintiff, a North Carolina corporation, made a loan of $25,000 to a customer to aid her in the purchase of an automobile from National, and in return took a security interest in the automobile. National, however, failed and refused to

1

produce a certificate of title or the automobile itself for the plaintiff or its customer, and

therefore the plaintiff's security interest in the vehicle was not perfected.  Despite the plaintiff's

demands, National has failed to return the $25,000.

The plaintiff filed suit in this court on November 30, 2006, and National was served with

process on December 6, 2006.  Since that time, National has made no appearance in the lawsuit,

and has made no official communication of any kind with the plaintiff.  The plaintiff claims

breach of contract, fraud, and conversion on the part of National and co-defendant Tim McCabe,

and requests $25,000 in compensatory damages and $75,000 in punitive damages.  On February

1, 2007, the clerk entered default against National.  On May 9, 2007, the plaintiff filed the instant

motion for default judgment, along with an affidavit of plaintiff's counsel.

II.  Standard of Review

Federal Rule of Civil Procedure 55 provides that entry of default is appropriate "[w]hen a

party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

defend."  Fed. R. Civ. P. 55(a).  Such facts are apparent here and the clerk, as noted, has entered

default.  The court is now faced with the request to enter default judgment under Rule 55(b)(2).

Such an entry is a matter left to the court's discretion.  See Vanderwart v. Baltimore County, 836

F.2d 548 (4th Cir. 1987) (unpublished).

By its default, National has conceded the factual allegations of the complaint.  See, e.g.,

Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).  Although the Fourth

Circuit has a "strong policy that cases be decided on the merits," United States v. Shaffer Equip.

Co., 11 F.3d 450, 453 (4th Cir. 1993), default judgment is available when the "adversary process

has been halted because of an essentially unresponsive party."  SEC v. Lawbaugh, 359

F.Supp.2d 418, 421 (D. Md. 2005).   The defendant's default establishes its liability for breach of contract, fraud, and conversion, in accepting the plaintiff's check while failing to deliver the automobile in question.

III.  Analysis

On March 31, 2006, the plaintiff issued a check in the amount of $25,000, made payable to National and to the plaintiff's customer, Brandy Kellogg.  The check included language requiring its indorser to properly perfect and secure security interest in the automobile at issue, a 2002 BMW 720i, for the benefit of the plaintiff.  Kellogg indorsed the check and delivered it to National, which then deposited it into its bank account.  National then did not produce said automobile, and therefore did not perfect the plaintiff's security interest therein.  At the time of such transaction, National was not licensed to engage in the retail sale of automobiles, although it held itself out to be so licensed.

National's acceptance of the check with the restrictions contained on the reverse side constitutes the formation of a contract wherein National agreed to grant a security interest in the 2002 BMW to the plaintiff.  By failing to create and perfect the security interest, National committed a breach of contract, and therefore is liable to the plaintiff for the resulting damages. With regard to the plaintiff's claim of fraud, the activities of National in holding itself out as a licensed automobile retail seller, when in fact it was not, and in procuring Kellogg's agreement to a sales contract for the 2002 BMW induced the plaintiff to loan Kellogg $25,000.  In doing so, National represented that it had marketable title to the vehicle and had a valid contract for its sale to Kellogg.  By negotiating the check and depositing it into its bank account, National represented that it would deliver marketable title and protect the plaintiff's security interest in

the vehicle; such representation was false when made and National knew it to be false.  The plaintiff relied upon these representations, and therefore is entitled to compensation for its losses.

Although Virginia law does not permit punitive damages for mere breach of contract claims, it does permit punitive damages where an independent tort was committed outside of the breach of contract.  See, e.g., O'Connell v. Bean, 263 Va. 176, 180 (2002).  In this case, National fraudulently induced the plaintiff to loan money to Kellogg with the assurance that it would receive a security interest in the vehicle purchased with the money.  This tort is independent of the breach of contract, for it involves fraudulently inducing the plaintiff to lend money while never intending to grant and perfect a security interest.  Therefore, the plaintiff is entitled to the punitive damages it seeks, in the amount of $75,000.

Section 8.3A-420 of the Virginia Code governs actions for conversion of negotiable instruments, including the draft provided by the plaintiff in this case.  It applies the common law rule of conversion of personal property to negotiable instruments.  Va. Code Ann. § 8.3A-420.  In Virginia, a claim for conversion requires proof of "any wrongful exercise or assumption of authority, personally or by procurement, over another's goods, depriving him of their possession."  Buckeye Nat'l Bank v. Huff & Cook, 114 Va. 1, 11 (1912).  In this case, the plaintiff has proved conversion, but is not entitled to punitive damages because the tort is not independent of the breach of contract claim.  In fact, the breach of contract directly gives rise to the claim for conversion.  Therefore, punitive damages are not appropriate with respect to the plaintiff's claim for conversion.

Thus, the plaintiff is entitled to damages as requested in the complaint, in the amount of $100,000.  This is comprised of $25,000 in compensatory damages and $75,000 in punitive

damages.

IV.  Conclusion

Because National's default establishes its liability to the plaintiff, and because the

plaintiff is entitled to the damages it seeks, the court **GRANTS** the plaintiff's motion for default

judgment against National in the amount of $25,000 in compensatory damages and $75,000 in

punitive damages.

The Clerk is **REQUESTED** to send copies of this Order to counsel.

**IT IS SO ORDERED.**

_____/s/_____
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May  14, 2007